OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NACHIMSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NACHIMSON
2017 OK 4
Case Number: SCBD-6478
Decided: 01/17/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 4, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JEFFREY DAVID NACHIMSON, Respondent.

ORDER APPROVING RESIGNATION

¶1 Respondent Jeffrey David Nachimson, OBA No. 30659, was admitted to membership in the Oklahoma Bar Association on September 22, 2011. His official roster address as shown by the Oklahoma Bar Association is: 8432 N.W. 142nd Street, Oklahoma City, Oklahoma, 73142. On February 11, 2016, Respondent executed a Diversion Program Agreement with the Oklahoma Bar Association. On December 30, 2016, he executed an affidavit regarding resignation from membership in the Oklahoma Bar Association pending investigation of disciplinary proceedings.

¶2 On January 3, 2017, the Oklahoma Bar Association filed an Application for Order Approving Resignation Pending Disciplinary Proceedings with the affidavit of the Respondent attached. Respondent's affidavit states he is aware the Oklahoma Bar Association has investigated specific allegations of misconduct regarding the following:

Simmons Grievance

Melanie Simmons alleges that Respondent was found in contempt for willful failure to pay child support with an arrearage of $4,639.99.

Failure to Respond Grievance

A grievance was opened for formal investigation by the Office of General Counsel after Respondent failed to respond to an inquiry regarding an overdraft of Respondent's client trust account in the amount of $5,150.00.

Quist Grievance

April Quist alleges that Respondent abused his position as an attorney to intentionally delay making timely and fair child support payments.

Trust Account Overdraft Grievance

A grievance was opened for formal investigation by the Office of the General Counsel regarding an overdraft of Respondent's client trust account in the amount of $180.01.

Trust Account Overdraft Grievance

A grievance was opened for formal investigation by the Office of the General Counsel regarding an overdraft of Respondent's trust account in the amount of $100.00.

Sills Grievance

Duston Sills alleges that Respondent neglected his civil rights claim and did not communicate sufficiently with him.

Sweis Grievance

Nida Sweis alleges that Respondent failed to provide a copy of her file, containing original documents entrusted to Respondent, to her new attorney after Respondent was fired.

Puckett Grievance

Mark Puckett alleges that Respondent failed to provide a complete accounting of legal services rendered and monies entrusted to him in 2014 for safekeeping of approximately $116,000.00.

Rogers Grievance

Tammie Jo Rogers alleges that Respondent failed to pay Ms. Rogers her portion of settlement proceeds from her workers' compensation case. Ms. Rogers further alleges that Respondent wrote a $36,982.50 check from his law firm's operating account which was dishonored for insufficient funds. The Office of General Counsel, during its investigation of this matter, subpoenaed Respondent's bank records and alleges that records produced by BancFirst demonstrate that a settlement check made payable to Respondent and Ms. Rogers in the amount of $49,910.00 was deposited into Respondent's client trust account on June 24, 2016, and that by July 29, 2016, the balance of that account was $7,494.00. The Office of the General Counsel further alleges that bank records show that by August 31, 2016, Respondent's client trust account had an ending balance of $19.00.

Brown Grievance

Hester Brown alleges that Respondent failed to earn attorney fees entrusted to him, failed to timely file an appeal in Ms. Brown's legal matter, and that Respondent wrote Ms. Brown a refund check on a closed bank account.

¶3 THE COURT FINDS:

1. Respondent has voluntarily resigned from the Oklahoma Bar Association by complying with Rule 8.1 and Rule 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 1-A (RGDP). Respondent's affidavit of resignation reflects that a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation. Respondent intends the effective date of his resignation to be the date and time of the execution of his affidavit of resignation.

2. Respondent states in his affidavit of resignation that he is aware that the allegations of conduct, if proven, would be a violation of Rule 1.3 of the RGDP and Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16(d), 3.2, and 8.4(a), (b), (c), and (d) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011, ch. 1, App. 3-A and his oath as an attorney.

3. Respondent waives any and all rights to contest the allegations.

4. Respondent is aware that pursuant to Rule 8.1 of the RGDP, either the approval or disapproval of his resignation is within the discretion of the Supreme Court of Oklahoma.

5. Respondent has agreed to comply with all provisions of Rule 9.1 of the RGDP within twenty (20) days following the date of his resignation.

6. Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 of the RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order.

7. Respondent acknowledges that as a result of his conduct, the Client Security Fund may receive claims from his former clients. He agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. Respondent has lost his Oklahoma Bar Association membership card and is unable to tender it to the Office of the General Counsel. Respondent affirms that in the event his membership card is located, he will either destroy it or tender it to the Office of the General Counsel at such time.

9. Respondent acknowledges and agrees to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by Respondent.

10. Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1 of the RGDP and is approved.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Jeffrey David Nachimson's resignation pending discipline is approved. Jeffrey David Nachimson's name is stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Respondent may not make an application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1 of the RGDP, Respondent shall notify all of his clients, if any, having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Oklahoma Bar Association's Application to Assess Costs is granted, and costs of $175.63 in this proceeding are due within ten (10) days of the date of this order.

DONE BY ORDER OF THE SUPREME COURT THIS 17th DAY OF January, 2017.

/S/CHIEF JUSTICE

¶ 4 Combs, C.J., Gurich, V.C.J., Kauger, Watt, Winchester, Edmondson, Colbert, Reif, JJ., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.